IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH LAURENSAU, | : | Civil No. 1:20-CV-01978 |
| Petitioner, | : | |
| v. | : | |
| LEE J. ESTOCK, *et al.*, | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

# MEMORANDUM

Joseph Laurensau ("Petitioner") was sentenced to life in prison without the possibility of parole for the shooting death of Michael Smith ("Smith"). He challenged his conviction, but his petition under the Pennsylvania Post Conviction Relief Act ("PCRA") sat unaddressed for over 21 years before he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court. (Doc. 1.) Upon receiving a copy of the petition in this court, Respondent notified the state court about the unaddressed PCRA petition. That PCRA petition was eventually dismissed by the state court, and the dismissal was affirmed on appeal. Following the conclusion of the state court action, Petitioner amended his Section 2254 petition. (Docs. 24, 25.) Currently pending is Respondent's motion to partially dismiss the original Section 2254 petition, arguing that Petitioner procedurally defaulted three of the four issues raised. (Doc. 29.) For the following reasons, the court will deny Respondent's motion, require Petitioner to complete a financial

1

affidavit for the appointment of counsel, and grant Petitioner leave to file a second amended petition.

## BACKGROUND AND PROCEDURAL HISTORY

Back in December of 1999, the Superior Court of Pennsylvania summarized the facts in the underlying criminal case as follows:

> [Petitioner] and Michael Smith were former foster brothers. [Petitioner] believed Smith, who owed money to [Petitioner], also had stolen his gold herringbone necklace/chain and vandalized his automobile. On February 21, 1998, [Petitioner] and another Individual assaulted Smith and took his keys. Two days later, [Petitioner] arrived at Smith's residence ostensibly to exchange the keys for the gold ch ain. [Petitioner] and Smith went upstairs to Smith's room where an argument ensued. Smith picked up a machete and [Petitioner] pulled out a hand gun and shot Smith in the face, the bullet piercing his left cheek. Smith, bleeding profusely, dropped the machete and went downstairs to the living room, [Petitioner] followed and fired a second shot striking Smith in the forehead, immediately killing him. The next day, February 24, 1998 [Petitioner] went to the Pennsylvania State Police barracks In Honesdale where he gave a 34-page statement admitting that he shot Smith twice.

(Doc. 29-3, pp. 2–3.)[1] On August 20, 1998, a jury convicted Petitioner of First-Degree Murder. (Doc. 29-1.) On August 27, 1998, the court sentenced him to life imprisonment without parole. (*Id.*)

> [Petitioner] wrote a letter to the trial court on August 26, 1998 alleging ineffectiveness of his trial counsel. In response thereto, [trial counsel] was granted leave to withdraw and William Parker was appointed as appellate counsel on September 10, 1998. Although [Petitioner] was granted a 30-day leave on September 17,

---

[1] For ease of reference, the court uses the page numbers form the CM/ECF header.

> 1998 to file his appeal, no appeal was filed and Parker filed a petition for leave to withdraw on November 16, 1998. By Order of December 2, 1998, the trial court denied Parker's petition and ordered him to file a notice of appeal *nunc pro tunc* with this Court within thirty (30) days.
>
> On December 21, 1998, the trial court filed an Order denying [Petitioner]'s motion for post-sentence relief and directed Parker to file an appeal *nunc pro tunc* by January 4, 1999. In its Opinion in support thereof, the trial court noted that [Petitioner]'s letter of August 26, 1998 was not filed of record. (Trial Court Opinion, Conway, P.J., 12/21/98, at 1.)[2] The court further noted that Parker capably had summarized the contents of the letter in his brief in support of his petition for leave to withdraw. *Id.* The court, therefore, regarded Parker's brief as [Petitioner]'s post-sentence motion.
>
> On December 30, 1998, Parker filed a notice of appeal with [the Superior Court] which was followed by a Motion to Withdraw as Counsel and an *Anders* brief. On April 13, 1999, this Court denied Parker's motion to withdraw and directed him to file either an advocate's brief or a petition to withdraw and a brief that complied with *Anders* and *Commonwealth v. McClendon,* 495 Pa. 467, 434 A.2d 1185 (1981) *Commonwealth v. Joseph,* 141 EDA 1999 (Per Curiam Order of 4/13/99). On May 13, 1999, counsel filed a second motion to withdraw and accompanying brief. Once again, [the Superior Court] found appellant improperly argued against his client and, on June 28, 1999 denied the motion to withdraw. Counsel was directed to file either an advocate's brief or a petition to withdraw and brief complying with *Anders* and *McClendon. Commonwealth v. Joseph,* 141 EDA 1999 (Per Curiam Order of 6/28/99). Now, for the third time counsel has filed a petition for leave to withdraw and an *Anders* brief.

(Doc. 29-3, pp. 2–4.)

---

[2] This court has not reviewed the trial court's December 21, 1998 opinion as it is not part of the record.

In addressing this third petition for leave to withdraw, the Superior Court summarized the following four issues raised in the letter the court deemed as Petitioner's post-sentence motion: (1) the trial court erred in not granting a new trial because many of the witnesses, who were either friends or family, should not have been compelled to testify against him; (2) the trial court erred in not granting a new trial because the jury asked the court to reinstruct them on elements of both first degree and third degree murder, arguing that the quickness of the jury's verdict was evidence that the instructions were improper; (3) the sufficiency of the evidence; and (4) ineffective assistance of trial counsel for failing to object to the district attorney's closing argument, for failing to suppress and/or object to the use of his statement given on February 24, 1998, for failure to request a mental evaluation, for failing to ask for a change of venue based on pretrial publicity, and for failure to object to the rebuttal testimony of State Trooper Russel Andress.  (*Id*., pp. 6–10.)  The Superior Court then denied relief under all four grounds and stated that "the appeal is wholly frivolous." (*Id*., pp. 6–11.)  The Superior Court allowed counsel to withdraw and affirmed the sentence. (*Id*., p. 11.)  Petitioner did not seek the allowance of appeal with the Pennsylvania Supreme Court. (Doc. 29-5, p. 4.)

On December 6, 2000, Petitioner timely filed a pro se PCRA petition and the PCRA Court appointed attorney Alfred Howell as his counsel. *Commonwealth v. Joseph*, No. 3090 EDA 2023, 2024 WL 4287234, at *1 (Pa. Sup. Ct. Sep. 25,

2024). Attorney Howell filed a motion to withdraw, which went unaddressed by the PCRA Court. *Id.*

On October 27, 2020, this court received and docketed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this action. (Doc. 1.) In that petition, Petitioner raised the following four grounds for relief: (1) trial counsel was ineffective by stipulating to evidence of victims prior bad acts; (2) trial counsel was ineffective by failing to investigate and present mitigating evidence of Petitioner's mental health status; (3) trial counsel abandoned Petitioner and failed to file a direct appeal; and (4) post-conviction counsel abandoned Petitioner. (Doc. 1.)

On January 14, 2021, the court ordered that a copy of the petition be served on Respondent and the Pennsylvania Office of the Attorney General. (Doc. 10.) After no response to the petition was received, the court ordered the petition to be re-served on August 26, 2021. (Doc. 13.)

On November 15, 2021, Respondent filed a motion for a stay in this action to allow the state court to make an adjudication on the pending PCRA petition. (Doc. 18.) The next day, the court granted the stay. (Doc. 19.)

On November 23, 2021, the Office of the Attorney General informed the PCRA Court of the outstanding PCRA petition. *Joseph*, 2024 WL 4287234, at 1.

On January 4, 2022, Petitioner filed a pro se amended PCRA petition raising the following grounds for relief: (1) evidence that the witness, Nathaniel Williams, committed perjury at his trial; (2) trial counsel was ineffective for failing to object and reexamine Petitioner on prior bad acts testimony elicited by the prosecutor; (3) trial counsel was ineffective for stipulating to the victim's prior bad acts; (4) trial counsel was ineffective for failing to raise Petitioner's mental impairment; (5) trial counsel was ineffective for failing to file a direct appeal; (6) trial counsel was ineffective for failing to challenge the photos of the scene stating that the scene had been disturbed by James Bryant and the ambulance crew; and (7) appellate counsel Parker was ineffective for filing a motion to withdraw instead of an appeal.  (Doc. 29-6.)  The pro se PCRA then goes on to discuss the three briefs filed by appellate attorney Parker and the Superior Court's treatment of the filings.  (*Id*.)  The PCRA Court dismissed the pro se PCRA petition on February 18, 2022.  *Joseph*, 2024 WL 4287234, at 1.

Petitioner appealed the dismissal to the Superior Court, which vacated the dismissal and ordered a remand with instructions for the PCRA Court to appoint new counsel and file an amended PCRA petition or a *Turner/Finley* "no merit" letter.  *Commonwealth v. Joseph*, No. 694 EDA 2022, 2023 WL 2441945 (Pa. Sup. Ct. Mar. 10, 2023).

On April 25, 2023, the PCRA Court appointed Attorney Christine Rechner to represent Plaintiff in his PCRA petition. *Joseph*, 2024 WL 4287234, at 1. On September 19, 2023, Attorney Rechner filed a *Turner/Finley* letter and motion to withdraw, which was granted by the PCRA Court along with a Rule 907 notice. *Id*. Petitioner did not respond to the Rule 907 notice, and the PCRA Court dismissed the PCRA petition on November 8, 2023. *Id*.

On December 12, 2023, Petitioner filed a pro se notice of appeal, raising the following two grounds for relief: (1) whether the PCRA Court erred in dismissing his first PCRA petition and his amended petition when the original PCRA petition was delayed for over twenty-one years; and (2) whether the Court of Common Pleas erred in dismissing his first PCRA and amended PCRA petitions without a hearing where there was newly-discovered evidence on the developed record. *Joseph*, 2024 WL 4287234, at 2; Doc. 29-11; Doc. 29-10. The Superior Court found it deeply troubling that the PCRA petition went unaddressed for over two decades, but found that it was not a basis to grant a PCRA petition. *Joseph*, 2024 WL 4287234, at *2. Concerning all other grounds raised, the Superior Court found that Petitioner's brief was inadequate and precluded any meaningful appellate review. *Id*., at *2–3. Therefore, the Superior Court found that Petitioner had waived his claims and affirmed the dismissal of the PCRA petition on September

25, 2024. *Id.*, at *3. Petitioner did not seek allowance of appeal before the Supreme Court of Pennsylvania. (Doc. 10.)

On November 14, 2024, the court lifted the stay in the above captioned action and issued a scheduling order. (Doc. 23.)

On December 10, 2024, Petitioner filed an amended habeas petition, which proved difficult to discern. (Docs. 24, 25.) This amended petition is a combination of form and handwritten pages and offers a first-person account of the underlying criminal incident, the trial, and subsequent appeals. (*Id.*) Near the end of the amended habeas petition, Petitioner appears to provide a series of grounds for relief:

> Counsel ineffective for failing to object evidence of other crimes wrongs act the fight with victim & Nathaniel Williams fight non of these are conviction in violation of P.A. R.D. 404(B)(1)
>
> (2) counsel ineffective by failing to object to improper bolstering of credibility Jealous Witness Darl Lucas Denise's Boy Toy
>
> (3) Failing to timely object & then not requesting an appropriate cautionary instruction James Bryant & Darren Prisoner who wants [illegible] Bryant also accuses me or getting him beat up in Pine County which I don't know a soul
>
> (4) Ineffective not requesting a jury instruction regard prior informants Darren Brands 10% bail James Bryan ? prisoner 1 claim one denied due process is a claim one was denied fundamental fairness see Riggins v. Nevada 504 U.S. 127, 149, 112 S. Ct. 1810 L. Ed. 479 (1992)

(Doc. 24, p. 46; Doc. 25, p. 46.)

On January 15, 2025, Respondent filed the instant motion to dismiss grounds one, three, and four of the original petition based on procedural default. (Docs. 29, 30.) Respondent correctly states that the claims raised in the amended habeas petition are indiscernible and that Petitioner did not specifically withdraw any of his initial four grounds for relief. (Doc. 30, p. 6) Respondent then asks the court to consider the grounds raised in the original complaint and asks the court to dismiss claims one, three, and four as procedurally defaulted. (Doc. 30.) Petitioner filed a brief in opposition on January 31, 2025. (Doc. 31.)

The court will now address the pending motion to dismiss.

### EXHAUSTION AND PROCEDURAL DEFAULT

A federal court may not grant a writ of habeas corpus on a claim brought by an individual in custody pursuant to a state court judgment unless: (1) "the applicant has exhausted the remedies available in the courts of the State;" (2) "there is an absence of available State corrective process;" or (3) "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A), (b)(1)(B); *see also Wilkerson v. Sup't Fayette SCI*, 871 F.3d 221, 227 (3d Cir. 2017). Section 2254(c) provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Thus, when a state prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts will typically refuse to entertain a petition for writ of habeas corpus. *Whitney v. Horn*, 280 F.3d 240, 250 (3d Cir. 2002). It is the petitioner who bears the burden of establishing the exhaustion requirement has been satisfied. *See Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000).

"[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To satisfy the exhaustion requirement, a petitioner must invoke "one complete round" of the applicable state's appellate review process, thereby giving the courts of that state "one full opportunity" to resolve any issues relevant to such claims. *Id.* at 845 (holding that a petitioner must present every claim raised in the federal petition to the state's trial court, intermediate appellate court, and highest court before exhaustion is considered satisfied). To "fairly present" a claim, the petitioner must present his or her "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted. *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999).

## DISCUSSION

Respondent is seeking the dismissal of grounds one, three, and four of the original complaint, arguing that they are procedurally defaulted. (Docs. 29, 30.)

However, Respondent's motion overlooks the legal conclusion by the Third Circuit that an amended petition, like an amended complaint, supersedes the original and renders it of no legal effect, unless the amended document specifically refers to or adopts the earlier pleading. *See West Run Student Housing Associates, LLC v. Huntington National Bank*, 712 F.3d 165, 171 (3d Cir. 2013) (collecting cases).

Here, because Petitioner has filed the amended petition, which does not refer to or adopt the original petition, the court is precluded from considering the grounds for relief raised in the original petition. Thus, the court is faced with a dilemma. While the operative pleading in this matter is undecipherable, and likely subject to dismissal, it is apparent that Petitioner has struggled for decades to have his post-conviction challenges considered. He appears to struggle on both the procedural front by not timely responding to state court notices, and the substantive front by not being capable of filing a coherent amended pleading. This apparent struggle is amplified by his repeated claims of ongoing mental difficulties. Therefore, a dismissal based on an incoherent filing after two decades of Petitioner's waiting to challenge his life sentence appears unfair.

The court further notes that he has repeatedly requested the appointment of counsel while his federal action has been pending. (Docs. 2, 6, 21.) In denying Petitioner's request for counsel, the court has reserved the right to appoint counsel sua sponte. (Docs. 8, 23.) District courts may appoint counsel for financially

11

eligible defendants who pursue habeas relief pursuant to 28 U.S.C. § 2254.  *See* 18 U.S.C. § 3006A(a)(2)(B).  However, appointment is not mandatory, and it must appear to the court that the interests of justice require that counsel be appointed.  *See id.*  In determining whether to appoint counsel, the court may consider whether the claims raised are frivolous, the complexity of the factual and legal issues, and if appointment of counsel will benefit the petitioner and the court.  *See Reese v. Fulcomer,* 946 F.2d 247, 263–64 (3d. Cir. 1991) (superseded by statute on other grounds).

The court finds that the interests of justice require that counsel be appointed in this case to assist in the filing of a second amended petition.  The Petitioner will be directed to complete and return a financial affidavit.  Once indigency is established,[3] the court will appoint counsel to Petitioner.  A second amended petition will be filed within 30 days of a notice of appearance being filed in this action.  Respondents will file a response to the second amended petition within twenty-one (21) days of the filing of the second amended petition.  Petitioner may, through his counsel, file a traverse within fourteen (14) days of receiving the response.

---

[3] Petitioner alleges indigency, but no such affidavit is included in the record as Petitioner paid the filing fee in this action.  (Doc. 21.)

**CONCLUSION**

For the above-stated reasons, the court will deny Respondents' motion to dismiss, forward to Petitioner a financial affidavit for appoint of counsel, and allow Petitioner to file an amended petition through counsel.

An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: September 26, 2025